# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
|---|

**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**
**SUPERIOR COURT**
*www.jud.ct.gov*



- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [x] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 50 Field Street, Torrington 06790 | (860) 626 - 2100 | April 8, 2025 |

| | | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|---|
| [x] Judicial District  G.A. | [ ] Number: | Torrington | Major: T    Minor: 90 |
| [ ] Housing Session | | | |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Grady & Riley, LLP, 86 Buckingham Street, Waterbury, CT 06710 | 102536 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (203) 575 - 1131 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)    [ ] Yes  [x] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Armstrong, Kelsey<br>Address: 482 Lake Avenue, Unit 32, Bristol, CT 06010 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Hartford Healthcare Corporation, 100 Pearl St., 2nd Floor, CLO, Hartford, CT 06103<br>Address: Agent for Service: Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [x] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 03/10/25 | /s/ Donald J. Trella | [ ] Clerk | Donald J. Trella |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| For Court Use Only |
|---|
| File Date |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Print Form        Page 1 of 2        Reset Form

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:
   - (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   - (c) Applications for change of name
   - (d) Probate appeals
   - (e) Administrative appeals
   - (f) Proceedings pertaining to arbitration
   - (g) Summary Process (Eviction) actions
   - (h) Entry and Detainer proceedings
   - (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| Housing | H 00 | Housing - Summary Process | | T 30 | Malpractice - All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing - Bed Bug Infestation | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* - Property Damage only |
| | H 90 | Housing - All Other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* - All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline - Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | | |
|---|---|---|
| RETURN DATE: APRIL 8, 2025 | : | SUPERIOR COURT |
| | : | |
| KELSEY ARMSTRONG | : | J.D. OF LITCHFIELD |
| | : | |
| V. | : | AT TORRINGTON |
| | : | |
| HARTFORD HEALTHCARE | : | |
| CORPORATION | : | MARCH 10, 2025 |

## COMPLAINT

**COUNT ONE: Wrongful Discharge—Disability Discrimination**

1. At all times relevant herein, the Plaintiff, Kelsey Armstrong, was a resident of Wolcott, Connecticut.

2. At all times relevant herein, the Respondent, Hartford Healthcare Corporation ("HHC") was and is an entity registered to do business with the Secretary of State of Connecticut with a principal business address of 100 Pearl Street, 2nd Floor, CLO, Hartford, Connecticut 06103.

3. On or about July 26, 2019, the Plaintiff, Kelsey Armstrong, began working for HHC at the Charlotte Hungerford Hospital campus located at 540 Litchfield Street, Torrington, Connecticut 06790 as a unit secretary in the hospital's Emergency Department.

4. From July 26, 2019 until her separation from employment, the Plaintiff, Kelsey Armstrong was supervised in her capacity as a unit secretary by Brian Kesl and Annie MacAulay.

5. On or about October 2022, the Plaintiff, Kelsey Armstrong, was hired by HHC in a per diem capacity for a second job as a patient access registrar, also at the Charlotte Hungerford Hospital campus in the hospital's Emergency Department.

GRADY & RILEY, LLP, ATTORNEYS and COUNSELORS AT LAW
Juris No. 102536, 86 Buckingham Street, Waterbury, Connecticut 06710-1908 – Telephone (203) 575-1131 Fax (203) 754-1675

6. On or about February 2023, the Plaintiff, Kelsey Armstrong was promoted; her formerly per diem position as a patient access registrar became a full-time position.

7. On or about February 2023, the Plaintiff, Kelsey Armstrong made arrangements with her employer, HHC, to continue working as a unit secretary in a per diem capacity on her days off to pick up extra work hours and the employer was satisfied—and in fact encouraged—this arrangement.

8. The Plaintiff, Kelsey Armstrong's job responsibilities as a unit secretary was primarily administrative in nature, handling filing and paperwork and whatever office tasks were assigned to her.

9. The Plaintiff, Kelsey Armstrong's job responsibilities as a patient access registrar primarily included initial intake interactions with patients who showed up to the Emergency Department for medical treatment; this would include getting basic biological information, demographic information, insurance information, and a brief description of the medical issue(s) which had brought them to the hospital.

10. The Plaintiff was trained for her position as a patient access registrar primarily by Daniel Ray and to a lesser extent by a co-worker, Megan Bergin.

11. Throughout her time working as a patient access registrar (including both the per diem and full-time segments of her employment in that position) the Plaintiff, Kelsey Armstrong, was supervised by Bailey Gillette.

12. Throughout her time working as a patient access registrar (including both the per diem and full-time segments of her employment in that position) the Plaintiff, Kelsey Armstrong, worked alongside Megan Bergin who, like the Plaintiff, was also employed by HHC as a patient access registrar.

GRADY & RILEY, LLP, ATTORNEYS and COUNSELORS AT LAW
Juris No. 102536, 86 Buckingham Street, Waterbury, Connecticut 06710-1908 – Telephone (203) 575-1131 Fax (203) 754-1675

13. Upon information and belief, at some point prior to February 2023 when the Plaintiff, Kelsey Armstrong was elevated to full-time patient access registrar, she informally advised her supervisors that she had a disability—namely, a medical condition known as Postural Orthostatic Tachycardia Syndrome ("POTS") and Dysautonomia, which cause chronic dysregulation of the autonomic nervous systems and autonomic bodily functions, including but not limited to urination.

14. In the months following the Plaintiff, Kelsey Armstrong's February 2023 elevation to full-time patient access registrar, her medical condition worsened to the point where she began the process of filing for FMLA on or about June 7, 2023; HHC personnel sent the appropriate forms to the Plaintiff's medical provider on or about June 18, 2023, prior to the Plaintiff's eventual termination from employment.

15. In particular, the issue that was causing the Plaintiff, Kelsey Armstrong the most problems was urinary retention; the Plaintiff had difficulty urinating to the extent that she would frequently have to use a catheter in order to discharge this basic bodily function. Furthermore, the condition also created issues with sudden urinary urgency which would compel her to leave her desk almost immediately with minimal advance notice.

16. On May 17, 2023 at or about 10:00am, while at work in her capacity as a patient access registrar, the Plaintiff, Kelsey Armstrong had a medical emergency and informed her boss, Bailey Gillette, that she needed to clock out to seek medical attention; Ms. Gillette expressed anger and annoyance at this request and asked the Plaintiff if she could delay checking in, to which the Plaintiff reiterated that this was a medical emergency.

17. At said date and time, the Plaintiff, Kelsey Armstrong, checked in as a patient with patient access registrar Megan Bergin. While Megan's role didn't require her to ask any information beyond the primary reason for seeking care, she inquired about the Plaintiff's symptoms well above and beyond what would normally be asked to a typical patient.

18. Later that day, when the Plaintiff, Kelsey Armstrong was discharged as a patient. Megan Bergin and Bailey Gillette were outside smoking a cigarette when they saw the Plaintiff

GRADY & RILEY, LLP, ATTORNEYS and COUNSELORS AT LAW
Juris No. 102536, 86 Buckingham Street, Waterbury, Connecticut 06710-1908 – Telephone (203) 575-1131 Fax (203) 754-1675

walk out the exit to the hospital; they inquired about the Plaintiff's condition, test results, symptoms, and if she would be at work the next day. They also asked if the Plaintiff could clock back in and work the remainder of her shift, and the Plaintiff informed them she could not.

19. Following the events of May 17, 2023, Bailey Gillette and Megan Bergin began to adopt an openly hostile pattern of discriminatory conduct which indirectly or in some instance directly related to the Plaintiff, Kelsey Armstrong's documented medical disability; this included multiple instances in which Ms. Gillette and Ms. Bergin made insensitive and abusive remarks when the Plaintiff made requests to use the restroom such as, "Again? … you just went!" despite the fact that both Ms. Gillette and Ms. Bergin were fully aware of the Plaintiff's disability.

20. Neither the Employer, HHC, its agents, servants, employees, and/or assigns ever formally informed the Plaintiff they were unable to reasonably accommodate the Plaintiff's need for frequent bathroom breaks due to her medical condition.

21. Upon information and belief in June 2023, the Plaintiff, Kelsey Armstrong had previously approved paid time off ("PTO") that was revoked in retaliation for her having recently required days off on account of her disabling medical condition.

22. On or about June 7, 2023, the Plaintiff, Kelsey Armstrong felt that her condition was worsening and initiated an FMLA request with the Defendant, HHC's Human Resources Department and, upon information and belief, on the same day informed her supervisor Bailey Gillette that she had filed an application for FMLA.

23. On or about June 14, 2023, the Plaintiff, Kelsey Armstrong's supervisor Bailey Gillette, abruptly switched the Plaintiff's desk location with another patient access registrar, Ashleigh Thibeault. The Plaintiff's previous workstation was staffed with two employees, which made it easier for the Plaintiff to take a bathroom break when needed; the workstation she was sent to was staffed by only one employee—i.e., the Plaintiff herself—making the need for a bathroom break extremely inconvenient by comparison because of the need to secure desk coverage before leaving the workstation. Given the pattern of hostility previously displayed by Ms. Gillette, the Plaintiff believed this was clearly retaliatory and in direct relation to her

medical condition, as absolutely no justification or reasoning was given for this change to the Plaintiff's working conditions.

24. Following the change in work locations, the Plaintiff, Kelsey Armstrong would often call Bailey Gillette and/or fellow patient access registrars for coverage when she needed to use the restroom and would receive no response despite using the intercom system, and the work-issued cell phones that employees were required to carry at all times; it became readily apparent that Ms. Gillette was deliberately ignoring the Plaintiff and had instructed the Plaintiff's co-workers to do the same.

25. Also in or about May 2023, upon information and belief, the Plaintiff began to have the list of open shifts sent to her later than the list would be sent to other employees. Upon information and belief, this was done to reduce the number of shifts that the Plaintiff could pick up and thereby punitively reduce her hours as retaliation for the Plaintiff suffering from a medical condition.

26. In June 2023, Bailey Gillette began favoring other patient access registrars by offering more assistance to them and less assistance to the Plaintiff, as retaliation against the Plaintiff and her suffering from a medical condition.

27. On June 19, 2023 when the Plaintiff, Kelsey Armstrong was again in Charlotte Hungerford Hospital as a patient, Megan Bergin came into Ms. Armstrong's hospital room—long after the Plaintiff's patient intake had been completed and at a time when Ms. Bergin would have no legitimate business reason to be in the Plaintiff's room—and said, "your test is negative, so you'll be in tomorrow, right?".

28. On June 21, 2023, Megan Bergin and the Plaintiff, Kelsey Armstrong had a disagreement regarding the assignment of responsibility for shared work duties and Ms. Bergin screamed at the Plaintiff using profane language in full view of hospital patients and the supervisor, Bailey Gillette, who took an exceptionally long time to intervene and put a stop to Ms. Bergin's outrageous behavior.

GRADY & RILEY, LLP, ATTORNEYS and COUNSELORS AT LAW
86 Buckingham Street, Waterbury, Connecticut 06710-1908 – Telephone (203) 575-1131  Fax (203) 754-1675
Juris No. 102536

29. Following this verbal confrontation, Megan Bergin stalked the Plaintiff Kelsey Armstrong around the emergency department attempting to reinitiate the argument but the Plaintiff repeatedly walked away.

30. Later in the day when the Plaintiff, Kelsey Armstrong was in the restroom, she failed to answer several calls from an unknown number that turned out to be her supervisor's supervisor, who the Plaintiff had never met.

31. The following day, on June 22, 2023, the Plaintiff was terminated for "insubordination" and the failure to answer the phone calls was cited as part of the reason for termination; in reality, the Plaintiff suffered a retaliatory termination due to her documented medical condition known to the employer, which constitutes a disability under State law, namely the Connecticut Fair Employment Practices Act and federal law pursuant to the Americans With Disabilities Act of 1990.

32. The Plaintiff, Kelsey Armstrong, was terminated from her employment due to her disability in violation of one or more of the following:

   a. C.G.S Sec. 46a-58(a);

   b. C.G.S. Sec. 46a-60(b)(1);

   c. The Americans with Disabilities Act of 1990 (42 U.S.C. § 12101)

**WHEREFORE**, the Plaintiffs claim:

1. Compensatory damages (lost wages);
2. Interest on lost wages;
3. Reinstatement to her position;
4. "Front pay" if reinstatement is deemed not to be a feasible remedy;
5. Punitive damages, including without limitation an award of the Plaintiff's attorneys' fees;
6. An award of costs associated with prosecuting this action;
7. Any other relief this Court at law or in equity that this Court deems just and proper.

Dated at Waterbury, Connecticut this 10th day of March, 2025

HEREOF FAIL NOT BUT OF THIS WRIT WITH YOUR DOINGS THEREON MAKE DUE SERVICE AND RETURN IN ACCORDANCE WITH THE LAWS OF THE STATE OF CONNECTICUT.

THE PLAINTIFF
KELSEY ARMSTRONG

By _____
Donald J. Trella
**GRADY & RILEY, LLP**
86 Buckingham Street
Waterbury, CT 06710
Juris No.: 102536
Telephone No.: (203) 575-1131
Email: dtrella@gradyriley.com

| | |
|---|---|
| RETURN DATE: APRIL 8, 2025 : | SUPERIOR COURT |
| : | |
| KELSEY ARMSTRONG : | J.D. OF LITCHFIELD |
| : | |
| V. : | AT TORRINGTON |
| : | |
| HARTFORD HEALTHCARE : | |
| CORPORATION : | MARCH 10, 2025 |

**STATEMENT RE: AMOUNT IN DEMAND**

The amount in demand is greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF
KELSEY ARMSTRONG

BY /s/ Donald J. Trella
Donald J. Trella
**GRADY & RILEY LLP**
86 Buckingham Street
Waterbury, CT 06710
Juris No.: 102536
Telephone No.: 203-575-1131
Facsimile No.: 203-754-1675
dtrella@gradyriley.com

GRADY & RILEY, LLP, ATTORNEYS and COUNSELORS AT LAW
Juris No. 102536, 86 Buckingham Street, Waterbury, Connecticut 06710-1908 – Telephone (203) 575-1131 Fax (203) 754-1675

STATE OF CONNECTICUT)
                     ) SS: Southington          March 11, 2025
COUNTY OF HARTFORD)

**Kelsey Armstrong**

**Vs.**

**Hartford Healthcare Corporation**

    I Anthony Cipriano, do hereby depose and say:

    I am, a State Marshal in the Hartford County, and I am a Civil Officer authorized to serve civil process. On **March 10, 2025**, the Original *Writ, Summons-Civil, Instructions, Complaint* and *Statement Re: Amount in Demand,* in the within action was personally delivered to me for service upon the Defendant: **Hartford Healthcare Corporation**.

    Then and there and virtue hereof, and at the special direction of the Plaintiff's Attorney, on **March 11, 2025**, in **Berlin**, I made due and legal service upon the within named Defendant: **Hartford Healthcare Corporation**, by leaving at the Office of its Agent for Service: **Corporation Service Company**, by leaving with and within the hands of: **Shelley Kurpaska** at: **Goodwin Square-225 Asylum Street, 20th Floor; Hartford, Connecticut;** a true and attested copy, of the within *Writ, Summons-Civil, Instructions, Complaint* and *Statement Re: Amount in Demand,* with my endorsements thereon.

    Dated at **Waterbury**, this **11th** day of **March, 2025**.

    By **March 11, 2025**, service was completed upon said Defendant, all within 30 days of said delivery of the *Writ, Summons-Civil, Instructions, Complaint* and *Statement Re: Amount in Demand*.

    The within and foregoing are the Original *Writ, Summons-Civil, Instructions, Complaint* and *Statement Re: Amount in Demand,* with my doings endorsed hereon.

| FEES: | | ATTEST: |
|---|---|---|
| Service: | $ 50.00 | |
| Travel: | 33.50 | |
| Conform: | 10.00 | |
| Endorsements: | 2.00 | |
| **Total:** | **$ 95.50** | **ANTHONY CIPRIANO**<br>**STATE MARSHAL** |

    On this **11th** day of **March, 2025**, before me appeared, **Anthony Cipriano**, known to me to be the person whose name he subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained; and swore to the truth of the statements contained within.

In witness thereof I hereunto set my hand.

Subscribed and sworn before me, the undersigned officer, on this **11th** day of **March, 2025**.

Notary Public: Michelle Murphy
My Commission Expires: 6-30-2028

# APPEARANCE
JD-CL-12 Rev. 2-25
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**Return date** (For Civil/Family cases): Apr-08-2025
**Docket Number:** LLI-CV-25-6039586-S

☐ I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.

**Name of case** (Full name of first Plaintiff v. Full name of first Defendant) Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut
ARMSTRONG, KELSEY v. HARTFORD HEALTHCARE CORPORATION

☐ Housing Session   ☒ Judicial District   ☐ Geographic Area
**Address of court:** 50 FIELD STREET TORRINGTON, CT 06790
**Scheduled court date** (Criminal/Motor Vehicle cases only):

## Enter the Appearance of

**Name:** SHIPMAN & GOODWIN LLP
**Juris number:** 057385
**Mailing address:** ONE CONSTITUTION PLAZA
**Post Office box number:**
**Telephone number:** 860-251-5000
**City/town:** HARTFORD
**State:** CT
**Zip code:** 06103
**Fax number:** 860-251-5316
**E-mail address:** pjmurphy@goodwin.com

in the case named above for: (Select one of the following parties)

**PLAINTIFF**
☐ The Plaintiff.
☐ All Plaintiffs.
☐ The following Plaintiff(s) only: ___

**DEFENDANT**
☒ The Defendant.
☐ All Defendants.
☐ The following Defendant(s) only: ___

☐ **Other** (Specify): ___

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: (Select one or both)
  ☐ matters in the Family Division of the Superior Court
  ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender or ☐ Assigned Counsel (Special Public Defender)
☐ This appearance is for the purpose of a bail hearing only.
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: ___
   *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

I agree that documents can be delivered (served) to me electronically in this case.  ☒ Yes   ☐ No
*Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)*

**Signed** (Individual attorney or self-represented party): 422911
**Name of person signing at left:** PETER JOSEPH MURPHY
**Date signed:** Apr 08 2025

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) Apr 08 2025 to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

*FOR COURT USE ONLY*

**Name and address of each party and attorney that copy was or will be mailed or delivered to***
GRADY & RILEY LLP - 86 BUCKINGHAM STREET/WATERBURY, CT 06710

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

**Signed** (Signature of filer): 422911
**Print or type name of person signing:** PETER JOSEPH MURPHY
**Date signed:** Apr 08 2025